# United States District Court
# District of Massachusetts

THOMAS CALDWELL,
    Petitioner,

v.                                       CIVIL ACTION NO. 12-10592-PBS

JAMES SABA,
    Respondent.

## *REPORT AND RECOMMENDATION ON RESPONDENT'S MOTION TO DISMISS FOR FAILURE TO EXHAUST GROUND SEVEN (#13)*

COLLINGS, U.S.M.J.

The respondent has moved to dismiss Ground Seven of Thomas Caldwell's ("Caldwell") § 2254 petition on the ground that it was not presented to the Supreme Judicial Court ("SJC") in such a way as to alert that court that a federal constitutional claim was being made. Whether it was or was not is

debatable. However, the Court can dismiss Ground Seven on the merits even if the claim had not been exhausted, *see* 28 U.S.C. § 2254(b)(2), and the Court finds that that is the appropriate course of action.

The problem with Ground Seven is that it has as its basic premise a proposition which reflects a misreading of Massachusetts law. The premise is that "...masked armed robbery did not carry a life sentence" under Massachusetts law. *See* #1 at unnumbered handwritten page after page 11. As the SJC plainly explained to Caldwell in its opinion, this is incorrect.

> [Caldwell] argues that the felony underlying the charge of felony-murder - masked armed robbery, in violation of G.L. c. 265, §17 - is not punishable by life imprisonment and that the judge therefore erred in instructing the jury on felony murder in the first degree. [Caldwell] is in error. Masked armed robbery, like armed robbery, in violation of G.L. c. 265, § 17, is punishable by life imprisonment; the only difference between the two crimes is that there is a mandatory minimum sentence for masked armed robbery but not for armed robbery. [Caldwell] confuses the minimum mandatory sentence with the maximum sentence.

*Commonwealth v. Caldwell,* 459 Mass. 271, 287-88, 945 N.E.2d 313, 328 (2011).

The SJC is the final arbiter of state law. On the basis of the SJC's ruling, any constitutional claim which Caldwell seeks to set forth fails. Therefore, I

2

RECOMMEND that Respondent's Motion to Dismiss for Failure to Exhaust Ground Seven (#13) be DENIED but FURTHER RECOMMEND that Ground Seven of the § 2254 Petition be DISMISSED forthwith on the merits and that the parties be required to brief the merits of the other six grounds raised in Caldwell's § 2254 Petition.

The parties are hereby advised that pursuant to Rule 72, Fed. R. Civ. P., any party who objects to this recommendation must file a specific written objection thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b), Fed. R. Civ. P., shall preclude further appellate review. *See Keating v. Secretary of Health and Human Services*, 848 F.2d 271 (1 Cir., 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1 Cir., 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1 Cir., 1983); *United States v. Vega*, 678 F.2d 376, 378-379 (1 Cir., 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1 Cir., 1980); *see also Thomas v. Arn*, 474 U.S. 140

(1985).

                                                */s/ Robert B. Collings*
                                                ROBERT B. COLLINGS

June 28, 2012.                 United States Magistrate Judge